UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOSE GARCIA GUTIERREZ,

    Plaintiff,

v.                                                                  CASE NO: 8:13-cv-3-T-26TGW

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Plaintiff, proceeding *pro se,* has filed a timely motion to vacate his sentence pursuant to 28 U.S.C. § 2255 with supporting memoranda of law. The Government was ordered to file a response and the Plaintiff a reply, which are now before this Court. After reviewing the motion, response, reply, and the record of the prior criminal proceedings, the Court concludes that the Plaintiff is entitled to no relief so that an evidentiary hearing is unnecessary.

**PROCEDURAL BACKGROUND**

Plaintiff was arrested and deported to Mexico in 2006, before a federal grand jury indicted him on August 28, 2007, for conspiracy to distribute and to possess with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and for the substantive offense of knowingly and intentionally possessing

with intent to distribute five kilograms or more of cocaine.[1] When he returned to this country, he was arrested in the State of Washington on August 6, 2009.[2] The Plaintiff made his first appearance on September 2, 2009.[3] Trial was initially set in September 2009 for the October 2009 trial term.[4] The Government requested a continuance of trial on September 22, 2009,[5] and the trial was reset for November 16, 2009.[6] The Court granted the continuance,[7] finding that pursuant to 18 U.S.C. § 3161(h)(8)(A),[8] "the ends of justice served by such continuance outweigh the best interest of the public and the

---

[1] See docket 1 in Case no. 8:07-cr-337-T-26MSS.

[2] See docket 80 in Case no. 8:07-cr-337-T-26EAJ.

[3] See docket 82 (clerk's minutes) in Case no. 8:07-cr-337-T-26EAJ.

[4] See dockets 85& 90 in Case no. 8:07-cr-337-T-26EAJ.

[5] See docket 93 in Case no. 8:07-cr-337-T-26EAJ.

[6] See docket 95 in Case no. 8:07-cr-337-T-26EAJ.

[7] See dockets 92 (clerk's minutes) & 94 in Case no. 8:07-cr-337-T-26EAJ.

[8] Section 3161(h)(8)(A) provides in pertinent part as follows:
> (h) The following periods of delay shall be excluded in computing . . . the time within which the trial of any such offense must commence:
> (8)(A) Any period of delay resulting from a continuance granted by any judge . . . or at the request of . . . the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .

defendant in a speedy trial from today's date until the date of trial of November 16, 2009, and this time is therefore deemed excludable."[9]

On November 15, 2009, counsel filed a motion to dismiss based on a speedy trial violation.[10] The Court dismissed the case without prejudice on November 16, 2009.[11] A review of the transcript of the hearing on the motion to dismiss reveals that the Government intended to seek another indictment.[12] Two days later on November 18, 2009, a federal grand jury returned another indictment against Plaintiff.[13]

At the hearing on November 16, 2009, the Court found that the Plaintiff's counsel was timely in his motion to dismiss because the time for speedy trial did not begin to run until September 2, 2009, his first appearance, thereby calculating November 11, 2009, as the expiration of the seventy-day speedy trial period.[14] It was discussed at the hearing that the reason given for granting the Government a continuance was locating cooperating

---

[9] See docket 94 in Case no. 8:07-cr-337-T-26EAJ.

[10] See docket 115 in Case no. 8:07-cr-337-T-26EAJ.

[11] See docket 121 in Case no. 8:07-cr-337-T-26EAJ.

[12] See the transcript of the hearing held on November 16, 2009, and docket 120 (clerk's minutes) in Case no. 8:07-cr-337-T-26EAJ.

[13] See docket 1 in Case no. 8:09-cr-530-T-26TGW.

[14] See Tr. at p. 6. Section 3161(c)(1) of Title 18 provides that the trial of a defendant charged by information or indictment "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

witnesses within the Bureau of Prisons and making them available to testify at the trial.[15] After recessing for additional research, the Court concluded that the marshals needed only about thirty days to secure the witnesses for trial, which would have been before the running of speedy trial on November 11, 2009.[16] Hence, the time period to obtain the witnesses was not excludable under the speedy trial statute.[17]

Plaintiff's counsel did request the dismissal be with prejudice;[18] however, the Court relied on United States v. Knight, 562 F. 3d 1314 (11th Cir. 2009), for the proposition that district courts hold the discretion to dismiss with or without prejudice under the Speedy Trial Act.[19] Of the three factors cited in Knight, the Court noted the seriousness of the offense charged carried a twenty-year minimum mandatory and dismissed the indictment without prejudice.[20] Plaintiff was indicted two days later for the

---

[15] See Tr. at pp. 9-10.

[16] See Tr. at pp. 12-26.

[17] See Tr. at p. 27.

[18] See Tr. at p. 27.

[19] See Tr. at pp. 28-29.

[20] See Tr. at pp. 28-31.

same crimes.[21] Plaintiff was tried beginning on January 25, 2010, and a jury found him guilty as charged.[22] He was sentenced on May 13, 2010, to 240 months.[23]

## INEFFECTIVE ASSISTANCE

Plaintiff's claims of ineffective assistance of counsel are governed by the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 2d 674 (1984). The Eleventh Circuit has explained the two-pronged test as requiring the petitioner to "show both incompetence and prejudice: (1) he must show that 'counsel's representation fell below an objective standard of reasonableness,' and (2) he must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" Kokal v. Secretary, Dep't of Corr., 623 F.3d 1331, 1344 (11th Cir. 2010) (citing and quoting Strickland, 466 U.S. at 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674). The court is not required, however, to consider them in any order, and if the second prong is determined against the Plaintiff, then the adequacy of counsel's performance need not be measured. Kokal, 623 F. 3d at 1344-45. Applying these principles, the Court addresses each of the Plaintiff's grounds for ineffective assistance of counsel.

---

[21] See docket 1 in 8:09-cr-530-T-26TGW.

[22] See dockets 42 & 49 in Case no. 8:09-cr-530-T-26TGW.

[23] See dockets 56 & 57 in Case no. 8:09-cr-530-T-26TGW .

Plaintiff's first ground for ineffective assistance alleges that his trial counsel was ineffective in the filing and arguing of the motion for speedy trial directed to his first indictment returned in 2007 in Case number 8:07-cr-337-T-26EAJ. Plaintiff asserts that the length of time between his arrest in 2006 and his trial in January 2010 was presumptively "prejudicial" and therefore the dismissal in November 2009 should have been with, not without, prejudice. He argues that he was unavailable based on the Government's conduct of deporting him in 2006. This ground is directed to ineffective assistance of counsel with respect to an indictment in Case number 07-cr-337-T-26EAJ, which did not result in a sentence. The time for speedy trial began the date he first appeared in court on the 2007 indictment, which was September 2, 2009, not in 2006 before he was deported. In any event, his counsel was not ineffective in that he timely and successfully filed a motion to dismiss based on a Speedy Trial Act violation. Plaintiff's counsel requested a dismissal with prejudice.[24] The Court considered whether the dismissal should be with or without prejudice and exercised its discretion, finding the dismissal should be without prejudice based on the seriousness of the crime, correctly relying on Knight.[25] Based on trial counsel's timely motion to dismiss the indictment with prejudice, he did not render ineffective assistance.[26]

---

[24]  See Tr. at p. 27 ("I ask with prejudice, Your Honor.").

[25]  See Tr. at p. 28-29.

[26]  See also Bramlett v. United States, 405 F. App'x 363, 368 (11th Cir. 2010) (unpublished opinion) (holding that trial counsel's counsel was not deficient in failing to

Another aspect of ineffective assistance of counsel is raised in trial counsel's failure to move to dismiss the indictment in Case number 8:09-cr-530-T-26TGW. Defense counsel's motion to dismiss the 2007 indictment was granted and therefore the seventy-day clock for purposes of speedy trial restarted after the return of the 2009 indictment.  See United States v. Young, 528 F. 3d 1294, 1297 (11th Cir. 2008) (reiterating that speedy-trial clock is reset following dismissal of indictment on motion of defendant).  Because the new indictment is permissible[27] and resets the seventy-day clock for speedy trial, trial counsel's conduct was not deficient in failing to move for dismissal of the new indictment.

Plaintiff's claim that trial counsel was ineffective based on his failure to object or move to strike the testimony of Tony Mendez is also without merit.  Plaintiff claims that the trial testimony of Mendez unduly prejudiced him by placing him in the company of the conspirators years before the time of the conspiracy alleged in the indictment. Plaintiff's claim is not supported by the evidence.  On the direct appeal, the Eleventh Circuit held that the jury had sufficient evidence to find Plaintiff guilty beyond a reasonable doubt.  United States v. Gutierrez, 438 F. App'x 762, 768 (11th Cir. 2011)

---

move to dismiss indictment with or without prejudice because dismissal would have been without prejudice based on seriousness of crime).

[27] "[W]here an indictment never results in jeopardy attachment, nothing prevents the Government from re-indicting a defendant for the same crime."  United States v. Roach, 2012 WL 1438806, at *3 (E.D. Va. 2012) (citing Locklear v. Beck, 2008 WL 4426167, at *3 (M.D. N.C. 2008)).

(unpublished opinion) (holding that evidence of large quantity of cocaine involved, presence in his house of drug packing materials, suspicious behavior when picking up truck containing drugs, his inconsistent statements to officers after arrest, and prior drug convictions, supported conviction).

Finally, Plaintiff asserts that his appellate counsel was ineffective for failing to argue a speedy trial violation on appeal. He claims that the Government caused his unavailability by deporting him in 2006, causing a presumptively prejudicial period through January 2010, the time of trial, and therefore a speedy trial violation.[28] This particular time frame was not argued on direct appeal as causing unreasonable pre-indictment delay and being violative of speedy trial. Plaintiff claims that he was prevented from defending the charges based on his deportation and the lapse of time making it difficult to secure the witnesses, including his former girlfriend who no longer had a relationship with Plaintiff at the time of trial. To the extent Plaintiff now contends the speedy trial clock began running in 2006 to trigger presumptively prejudicial delay, he is mistaken. He was deported before an indictment was filed, and was not arrested on the charges in the 2007 indictment until August 2009 when he returned to this country.

---

[28] Plaintiff cites Doggett v. United States, 505 U.S. 647, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992), in support of his claim. Doggett is distinguishable in that the delay between the indictment and arrest was eight-and-one-half years. In Plaintiff's case, the delay between formal accusation and trial was approximately two-and-one-half years, and there is no evidence or allegations of the Government's lack of diligence in arresting Plaintiff once he returned to this country. There is no evidence of bad-faith delay in prosecution.

There is no evidence or allegations of any lack of diligence on the part of the Government. Hence, the outcome of his direct appeal would not have been different had appellate counsel made a speedy trial or pre-indictment delay argument based on the facts. Plaintiff has failed to establish that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

## DENIAL OF DUE PROCESS

Plaintiff also asserts one ground for denial of due process— that the Government's conduct cumulatively rose to the level of a due process violation, resulting in a lapse of over forty months between the time of the his arrest in 2006, as opposed to the indictment in August 2007, through the trial on January 25, 2010, and thereby preventing him from locating witnesses with favorable testimony. Plaintiff, however, provides no evidence of innocence and no reasons for failing to raise these issues on direct appeal, and has therefore procedurally defaulted this claim. See Bousley v. United States, 523 U.S. 614, 622-24, 118 S. Ct. 1604, 140 L.Ed. 2d 828 (1998).

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**. The clerk is directed to enter judgment for Defendant, to terminate all deadlines and pending motions, and to **CLOSE** this case.

Additionally, the Court declines to issue a certificate of appealability because Plaintiff has failed to make a substantial showing of the denial of a constitutional right as

required by 28 U.S.C. § 2253(c)(2).  Nor will the Court permit Plaintiff to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1951(a)(3).  Instead, Plaintiff will be required to pay the full amount of the appellate filing fee pursuant to §§ 1951(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on May 8, 2013.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record